IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRY ROEHRMAN

        Plaintiff,

v.

        Case No.: 10-CV-2225 CM/KMH

CENTRAL STATES RECOVERY, INC.,

        Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in the Judicial District.

6. Defendant transacts business in this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

### PARTIES

8. Plaintiff, Terry Roehrman, is a natural person.

9. Plaintiff resides in the City of Lawrence, County of Douglas, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant, Central States Recovery, Inc., is a domestic corporation.

13. Defendant's Kansas resident agent is Robert C. Capps, 1314 N. Main Street, Hutchinson, Kansas 67501.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

15. The principal business of the Defendant is the collection of debts using the mails and telephone.

16. Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account"), namely a debt allegedly owed to Hutchinson Clinic, P.A.

18. The Account was allegedly not paid and it went into default with the creditor.

19. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

20. The Plaintiff disputes the Account, in that it was discharged in bankruptcy, Case No. 02-15255, United State Bankruptcy Court for the District of Kansas.

21. The Plaintiff requests Defendant cease all communication with him personally on the Account.

22. In the year prior to the filing of the instant action, the Plaintiff participated in telephone calls and met personally with representatives, employees and/or agents of the Defendant who were attempting to collect the Account.

23. These telephone calls and individual meetings each individually constituted a "communication" as defined by FDCPA § 1692a(2).

24. Upon information and belief, Defendant possesses recordings of its communications with Plaintiff.

25. Upon information and belief, Defendant possesses telephone logs and/or electronic records of its communications with Plaintiff.

26. During the telephone calls and meetings representatives, employees and/or agents of the Defendant falsely stated that Plaintiff had reaffirmed the debt in bankruptcy court in violation of 15 U.S.C. 1692e preface, e(2)(A), e(5), e(8) and e(10).

27. During the telephone calls representatives, employees and/or agents of the Defendant caused Plaintiff's telephone to ring continuously and engaged him in conversation repeatedly with the intent to annoy, abuse or harass Plaintiff into paying his alleged debt in violation of 15 U.S.C. 1692d preface and d(5).

28. During the telephone calls representatives, employees and/or agents of the Defendant continued to contact Plaintiff while he was working as a paramedic during working hours after he advised such calls were not allowed and were inconvenient in violation of 15 U.S.C. 1692c(a)(1) and c(a)(3).

29. The Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate U.S.C. 1692f.

30. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

30. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

31. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

32. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF